IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TAMMY J. FOLEY,

      Plaintiff,

v.                                 Civil Action No. 5:12CV179

                                               (STAMP)

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

The plaintiff in this civil action filed claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income ("SSI") under Title XVI, claiming that she suffered from disability beginning May 7, 2010. The plaintiff's underlying claims allege that she is disabled due to bipolar disorder, panic disorder, depression, paranoia, vertigo, and degenerative disc disease. Both claims were denied both initially and upon reconsideration. The plaintiff then requested a hearing, which was granted and held before Administrative Law Judge ("ALJ") Jeffrey P. LaVicka. At this hearing, the plaintiff testified and was represented by counsel and a vocational expert, Larry Kontosh. The ALJ affirmed the denial of the plaintiff's application for benefits on the grounds that the plaintiff was not

disabled as that term is defined by the Social Security Act. The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").

The plaintiff then filed this action against the Commissioner seeking review of the final decision of the ALJ. Both the plaintiff and the defendant filed motions for summary judgment. United States Magistrate Judge John S. Kaull reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the matter be dismissed and stricken from the Court's docket. Upon submitting his report, the magistrate judge informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.

The defendant did not object to the magistrate judge's opinion. However, the plaintiff timely filed objections to the report and recommendation.

## II. Facts

In finding that the plaintiff had not met the definition of "disabled" under the Social Security Act, the ALJ made three major

findings.   First, the ALJ found that the plaintiff was not credible.   Second, the ALJ found that the plaintiff's treating physician was not credible and afforded his reports and findings little weight.   Third, the ALJ found that the state appointed physicians were credible and afforded their opinions much more weight than that of the plaintiff's treating physician.[1]

The plaintiff thus made three arguments in her motion for summary judgment: (1) the ALJ committed error by applying a credibility standard that required the plaintiff to be untruthful in order to appear credible; (2) the ALJ did not give enough weight to the opinions of her treating physician; and (3) the ALJ gave too much weight to the opinions of the state agency physicians.  As to the first argument, the plaintiff contends that she would have lost credibility either way she answered the ALJ question of "What physical conditions do you have that affect your ability to work?" The plaintiff argues that she either had to answer that she still had problems with her back and vertigo which was against the objective evidence or, in the alternative, state that she did not have physical problems anymore which would go against what she had originally submitted on her claim forms (she stated that she did not have any physical problems at the hearing).   The plaintiff's last two assertions arise from the ALJ giving little to no weight

---

[1]For a more complete description of the facts in this case, this Court refers to the report and recommendation of Magistrate Judge Kaull.   ECF No. 14.

to the plaintiff's treating physician's opinions and relying extensively on the opinions of the state agency physicians. The plaintiff contends that this was in error because the plaintiff's treating physician had dealt with her more thoroughly and more recently, whereas the state agency physicians were not as thorough in their one-time evaluation and had examined her a year and a half before the hearing took place with the ALJ.

The Commissioner's motion for summary judgment asserted that the ALJ correctly weighed the evidence and correctly found that the plaintiff does not have a credible claim. First, the Commissioner contended that the ALJ was correct in finding the plaintiff was not credible because she would not undergo certain treatments that were recommended by her treating physician, and also was inconsistent in describing her physical ailments. Second, the Commissioner argued that the ALJ was correct in giving the treating physician's opinions little weight because they lacked detail, over-diagnosed the plaintiff, and were overall "so extreme as to appear implausible." Finally, the defendant asserted that the ALJ did not err by relying on the state agency physicians' opinions because there were no changes that would have affected the reliability of the year-and-a-half old evaluation. The plaintiff did file a response to the Commissioner's motion for summary judgment but the response essentially covers the same issues covered in the plaintiff's motion for summary judgment.

The magistrate judge found that there was substantial evidence to support the ALJ's findings.  He split his opinion into three sections:   credibility of the plaintiff, credibility of the treating physician's opinion, and credibility of the state appointed physician's opinion.  First, the magistrate judge found that the ALJ did not err in considering the plaintiff's alleged physical impairments and her denial of them at the hearing in determining her credibility.  Because her application was only about a year-and-a-half old prior to the Administrative Hearing and listed the physical impairments, the magistrate judge found that it is just as foreseeable that the plaintiff would have complained if instead the ALJ did not take into account all of her alleged physical impairments.  The magistrate judge also found that the plaintiff was correct in stating that the ALJ made a factual error in stating that she could not walk for five minutes, when she had actually stated she had to rest five minutes after walking 50 yards.  The magistrate judge, however, found this error was not reversible.  Further, the magistrate judge agreed with the ALJ's finding that some of her answers at the hearing made her not credible: (1) that she hated to be in public but she had gone Christmas shopping for two hours at a mall close in time to Christmas and attended her daughter's wedding over the summer; (2) that she did not want to live alone because she could not be by herself but when first asked about living alone, she stated she

could not live alone because of financial issues; and (3) that she was able to take care of farm animals at her parents' farm, do other household chores, and read frequently.  Thus, the magistrate judge found that because he must give great weight to the ALJ's determinations of credibility, he could not find that the ALJ incorrectly determined that the plaintiff did not qualify (although the ALJ did place strict limitations on her residual functional capacity ("RFC") based on her symptoms).

The magistrate judge next went through the weight that should have been given to the plaintiff's treating physician because the ALJ accorded his reports little weight.  The ALJ noted that normally the treating physician, because of his background and the time spent treating the plaintiff, would have been accorded a great deal of credibility.  However, the ALJ found that his reports were so extreme and inconsistent as to not be credible based on the record that was provided at the administrative hearing.  Again, inconsistencies were listed: the plaintiff had disabling panic attacks but never cancelled or missed an appointment, the plaintiff was able to attend her daughter's wedding over the summer, and the plaintiff had normal and adequate speed and appropriate social functioning during appointments.  Further, along with the ALJ's findings, the magistrate judge noted that the treating physician's own records are inconsistent: (1) he had diagnosed her with bipolar disorder and then on one visit diagnosed her with depression and

anxiety and (2) he indicated she met the listing for bipolar disorder and panic disorder but those findings were not supported by her demeanor at the office visits.  Accordingly, the magistrate judge found that substantial evidence supported the ALJ's determination.

Finally, the magistrate judge considered the state agency physicians' reports.  One state agency physician had diagnosed the plaintiff with bipolar disorder, severe without psychotic features, and panic disorder without agoraphobia.  However, he also found that the plaintiff's memory and concentration were normal, that her social functioning was fully oriented, and that she was pleasant and appropriate.  The magistrate judge also distinguished the cases cited by the plaintiff in which the reviewing court had found that the ALJ erred in relying on state agency physicians' reports generated prior to the administrative hearing, Ogden v. Astrue, 597 F. Supp. 2d 626 (N.D. W. Va. 2009), and Lower v. Comm. of Social Security, 2:04CV57 at *17–18 (N.D. W. Va. 2007) (not reported on WestLaw).  Additionally, the magistrate judge found that a simple scrivener's error that was included in one of the state agency physician's report was clearly a typographical error.  Thus, the ALJ found that there was substantial evidence to support the ALJ giving greater weight to the state agency physicians' opinions over the treating physician's opinion.

The plaintiff makes several objections to the magistrate judge's report and recommendation, which include:

(1)  The magistrate judge applied the wrong standard: because the ALJ has the opportunity to observe the plaintiff's demeanor the ALJ should be given great weight as to his determination of the plaintiff's credibility. The plaintiff argues that the ALJ did not base his credibility determination on the plaintiff's demeanor.

(2)  The magistrate judge relied on post hoc reasoning that the ALJ did not rely on.  The plaintiff claims that the ALJ only relied on the fact that the plaintiff was no longer claiming physical impairments anymore which made her not credible.  The rest of the ALJ's discussion as to her physical capabilities was focused on how much work she could actually perform, thus, the magistrate judge should not have used it to uphold the credibility finding.  Further, the plaintiff claims that the magistrate judge's discussion actually highlights the dilemma that the plaintiff was placed in when asked about her physical impairments.

(3)  The magistrate judge, like the ALJ, failed to consider all the evidence that was available.  Rather, both only considered the evidence that would support a finding that the plaintiff was not credible.

(4)  The magistrate judge relied on medical evidence that the ALJ did not rely on in finding that the treating physician was not credible.

(5)  The ALJ and the magistrate judge put the plaintiff in a no-win situation by relying on the fact that she was pleasant and cooperative at medical appointments with her treating physician.  The plaintiff argues that if she was cooperative, then she loses because it does not support her diagnoses; and if she is not cooperative, the ALJ would have found that she was not credible because she was not following medical advice.

(6)  The ALJ ignored the parts of the state agency physician's report that were in favor of the plaintiff.

(7)  Based on the above, both the ALJ and magistrate judge incorrectly weighed the medical evidence on record.

The parties' motions and the report and recommendation are now ripe for this Court's consideration.  For the reasons that follow, this Court adopts and affirms the magistrate judge's report and recommendation.

### III.   Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.  Because the plaintiff filed objections, this Court will undertake a de novo review of those portions of the report and recommendation.  As to those portions of the recommendation to which no objection was made, this Court will undertake a clear error review of the magistrate judge's findings and recommendation.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

### IV.   Discussion

The plaintiff has made several objections to the magistrate judge's report and recommendation.  This Court will consider those objections under the two subsections that they fall under: the credibility determinations made by the ALJ as to the plaintiff and the credibility determinations made by the ALJ as to the treating physician and as to the state agency physicians.  The plaintiff's

contentions that the magistrate judge and the ALJ failed to consider all the evidence that was available and incorrectly weighed the evidence available will be discussed in the final section of the plaintiff's objections. Finally, the Court will consider the magistrate judge's findings as to those portions of his report and recommendation of which no objections were filed.

The following standard will be applicable to all of the plaintiff's objections and the magistrate judge's findings. An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mut. Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A.   Plaintiff's Credibility

The ALJ found that the plaintiff was not entirely credible as to the extent of her physical impairments. He considered the medical evidence provided through the state agency physical examinations and also medical evidence as to her mental incapacity.

The ALJ applied the two part test set forth in Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996), in determining the status of the plaintiff:

> [1]  [F]or pain to be found to be disabling, there must be shown a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some kind or severity, but the pain the claimant alleges she suffers.   The regulation thus requires at the threshold a showing by objective evidence of the existence of a medical impairment "which could reasonably be expected to produce" the actual pain, in the amount and degree, alleged by the claimant. (citations omitted).
>
> [2]  It is only after a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated.   See 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1).   Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings, see id.; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), see 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it, see 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3).

The ALJ found that the alleged medical impairments the plaintiff complained of could cause the alleged symptoms.   Thus, he moved to the second step and found that the plaintiff could not meet that requirement.   The ALJ considered the plaintiff's testimony at the hearing, that she denied any physical complaints, and also the

medical evidence of the record as to the plaintiff's physical impairments.

In considering the plaintiff's mental impairments, the ALJ also considered the plaintiff's allegations and compared those allegations to the plaintiff's testimony at the hearing and the medical evidence provided in the reports.  The ALJ considered that the plaintiff's responses were inconsistent with the symptoms reported in the medical records and also with the symptoms that she reported at the hearing.  The plaintiff stated that she was able to go shopping at Christmas time with her daughter, take care of farm animals on her parents' farm, complete household chores, attend her daughter's wedding over the summer, and was able to read frequently.

The magistrate judge found that based on the ALJ's considerations of the plaintiff's testimony and the medical evidence, the ALJ had based his denial on substantial evidence. Further, the magistrate judge found that because the ALJ had the opportunity to observe the demeanor and to determine the credibility of the plaintiff, that the ALJ's observations were to be given great weight.

1.  <u>Standard for Determining Credibility</u>

The plaintiff argues that the magistrate judge incorrectly found that the ALJ was to be given great weight on his decision that the plaintiff was not credible.  The plaintiff contends that

12

the magistrate judge should not have applied the standard that gives great weight to credibility determinations of applicants when based on the ALJ's observations of the claimant's demeanor. The plaintiff asserts that the ALJ did not base his determination on the plaintiff's demeanor at the hearing.

The magistrate judge applied the standard set forth by the United States Court of Appeals for the Fourth Circuit in <u>Shively v. Hackler</u>, 739 F.2d 987, 989 (4th Cir. 1984), which states that because the ALJ "ha[s] the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." The magistrate judge therefore found that he must give great weight to the ALJ's observations of the plaintiff's demeanor at the hearing and his finding that her testimony was not credible given the underlying record.

Although the plaintiff argues otherwise, the magistrate judge applied the correct standard in this case. The ALJ's opinion reviews both the plaintiff's statements at the hearing and also the underlying medical records. The ALJ's determination that the plaintiff was not credible at the hearing was based on his own observations of the plaintiff. Although not explicitly stated, the ALJ was able to view the plaintiff for a 40-minute period during the hearing, a time period in which he likely would have observed her in physical pain if the alleged physical impairments were

13

apparent.  Further, the ALJ was able to observe how the plaintiff acted while answering questions and how she presented herself during the hearing.

This standard may be applied where the ALJ finds that the plaintiff's testimony is inconsistent with the underlying medical records.  Cameron v. Chater, 56 F.3d 60 *2 (4th Cir. 1995).  For instance, in Cameron, the Fourth Circuit applied the Shively standard where the ALJ found that the claimant's testimony about his employment history, daily activities, and past employment were inconsistent with his reported impairments.  Id.  In addition, the court considered, under the Shively standard, that the ALJ found that the medical evidence did not support the claimant's reported impairments because the claimant had not sought treatment nor been prescribed any strong pain medication.  Id.

As in Cameron, the magistrate judge correctly applied the Shively standard and gave great weight to the ALJ's determination of the plaintiff's credibility based on his personal observations of her demeanor at the hearing.  The ALJ, as the ALJ did in Cameron, considered the plaintiff's testimony in comparison with her reported impairments and the medical records provided. Therefore, because the ALJ was actually present during the hearing, and did make determinations in his opinion based on the plaintiff's testimony at the hearing and how that testimony affected her credibility, this Court finds that the magistrate judge correctly

14

applied great weight to the ALJ's determination of the plaintiff's credibility.   The ALJ was able to observe her demeanor, and although not explicitly stated, based his determination on his observance in finding that her testimony was not entirely credible.

   2.   <u>The Reasoning Used by the ALJ and the Magistrate Judge</u>

   The plaintiff argues that the magistrate judge relied on <u>post hoc</u> reasoning that the ALJ did not rely on.   The plaintiff contends that the magistrate judge should have only considered the ALJ's use of the fact that the plaintiff was no longer claiming physical impairments although she had claimed them on her initial claim forms.

   In his report and recommendation, the magistrate judge quoted the ALJ's statement as to the plaintiff's physical complaints:

> In terms of the claimant's alleged physical complaints, the fact that the claimant denied any physical complaints at the hearing greatly undermined her credibility, as she previously alleged that she had difficulty walking even five minutes because of her degenerative disc disease and vertigo.   However, despite the claimant's admission, in order to give the claimant the utmost benefit of the doubt, the undersigned has considered the medical evidence of record in terms of the claimant's physical impairments.

ECF No. 14.   The ALJ, however, then goes on to consider the medical evidence in the record that would support the plaintiff's physical complaints.   He reported that the physician who treated the plaintiff for her degenerative disc disease found that the plaintiff had some discomfort but that her lateral flexion and rotation were within normal limits.   ALJ Op. *6.   Further, he

15

reported that the plaintiff failed to follow through on treatment for her degenerative disc disease although referred for treatment. Thus, the magistrate judge was not using post hoc reasoning in considering the medical evidence provided in the record. The magistrate judge was considering the same evidence that the ALJ used in finding that the plaintiff was still able to perform light work activities and was thus, as evidenced by her denial of physical impairments at the hearing, reporting exaggerated physical impairments in her claim form.

The ALJ stated that he was considering the medical evidence of the record, reviewed the medical evidence of the record, and also considered the plaintiff's complaints made on her initial claim form. Accordingly, the magistrate judge reviewed the ALJ's findings of the credibility of the plaintiff by comparing her initial claims on the claim form, which was only a year-and-a-half old at the time of the hearing; her denial of complaints at the hearing; and the medical evidence of any physical impairments. Consequently, the magistrate judge did not incorrectly rely on any evidence that the ALJ himself had not used in his determination of the plaintiff's credibility.

B.  Treating Physician's Credibility and State Agency Physicians' Credibility

The plaintiff next argues that the magistrate judge and the ALJ incorrectly weighed the medical evidence provided by the respective physicians and therefore incorrectly found that the

16

state agency physicians were to be given more credence than the plaintiff's treating physician.

1.   Magistrate Judge's Consideration of Medical Evidence
     Underlying Treating Physician's Reports

The plaintiff contends that the magistrate judge incorrectly relied on medical evidence that the ALJ did not rely on in finding that the treating physician was not credible.   The plaintiff correctly cites in a footnote that the magistrate judge must judge the ALJ's decision on the reasoning offered by the ALJ.  S.E.C. v. Chenery Corp., 332 U.S. 194, 196-97 (1947).  Again, similar to the plaintiff's argument about the magistrate judge's and ALJ's consideration of her physical impairments, the plaintiff is underselling the analysis completed by the ALJ.

The plaintiff argues that the ALJ only relied on evidence from her treating physician's report that would undermine the plaintiff's claim.  To the contrary, as the magistrate judge noted, the ALJ reported that the plaintiff had extreme limitations because of her psychological impairments.  The ALJ, however, weighed these reports against his own interaction with the plaintiff at the hearing, the evidence from the medical reports that showed the plaintiff was able to be cooperative and pleasant during medical appointments, and the evidence provided by the plaintiff herself that she was able to take part in daily activities such as feeding farm animals and reading.  Accordingly, the ALJ found that the

17

diagnoses given by the treating physician were "so extreme as to appear implausible."

The magistrate judge covered the same analysis of the ALJ as he determined whether there was substantial evidence that would support the ALJ's finding that the treating physician's reports should be accorded little weight. Although the magistrate judge may have considered the Psychiatric Review Technique ("PRT") and Mental Residual Functional Capacity Assessment ("MRFC") of the treating physician, this Court notes that in the same case the plaintiff cites to support this objection, the United States Supreme Court also stated that "in reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.'"  Chenery Corp., 318 U.S. at 88 (citing Helvering v. Gowran, 302 U.S. 238, 245 (1937)).  Thus, even without the magistrate judge's reliance on the PRT and MRFC, the ALJ provided substantial evidence to support his finding that the plaintiff's treating physician's reports were not to be afforded much weight. The ALJ reviewed those reports, reviewed the plaintiff's claims and testimony, reviewed the reports of the state agency physicians, and compared all of the evidence against each other.  The ALJ then found that the treating physician's diagnoses were inconsistent with the other evidence that was provided to the ALJ.  Accordingly, the magistrate judge's finding that the ALJ was correct in

18

affording little weight to the treating physician's reports was not in error because the ALJ had substantial evidence to support his finding.

> 2. <u>Evidence Considered by the ALJ and the Magistrate Judge as to the Plaintiff's Cooperation with the Treating Physician</u>

The plaintiff also argues that the evidence considered by the ALJ and the magistrate judge put the plaintiff in a no-win situation. The plaintiff contends that both judges incorrectly used the evidence that the plaintiff was polite and cooperative at her medical appointments to find that her medical diagnoses were not supported. The plaintiff asserts that if she was not polite and cooperative, the ALJ would have found that she was not credible because she was not following medical advice.

To the contrary, the ALJ not only used the plaintiff's cooperation with the treating physician but also her cooperation with the state agency physicians. Further, the plaintiff's cooperation was not the only evidence that supported the ALJ's finding that the treating physician's reports were not credible. The ALJ also cited the inconsistencies between the plaintiff's reported daily activities and social interactions during the time between the filing of the claim and the hearing, and the treating physician's findings in his report.

Additionally, the plaintiff was not in a no-win situation, but rather was only in a situation where the ALJ had to weigh the

evidence that was provided in this case.  The ALJ thus made a determination, based on the cooperation and politeness of the plaintiff during her interactions with the treating physician, which a "'reasonable mind might accept as adequate to support a conclusion.'"  <u>Hays</u>, 907 F.2d at 1456.  Although the plaintiff may believe that an opposite conclusion should have been drawn, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  <u>Mut. Mining, Inc.</u>, 80 F.3d at 113.  Accordingly, the ALJ and magistrate judge's reliance on the plaintiff's polite and cooperative nature during the appointments she had with her treating physician as evidence that her psychological impairments were overstated, was not in error.  Thus, this Court finds that there was substantial evidence used by the ALJ in finding that the treating physician's report should be given little weight.

　　　3.　<u>Considerations in the State Agency Physician's Report</u>
　　　　　<u>Were More in Favor of the Plaintiff than the ALJ Reported</u>

The plaintiff contends that the state agency physician's report did not address the plaintiff's ability to perform short and simple instructions, nor did it discuss her deficiencies in concentration.  Further, the plaintiff argues that the state agency physician's report was more favorable to her than the ALJ reported because the physician diagnosed the plaintiff with bipolar disorder "severe" and noted her prognosis was "poor."  The ALJ, however,

cited the part of the state agency physician's report which found that the plaintiff's limitations "are of a moderate nature or less . . . [and] the claimant can perform repetitive work-related activities." ALJ Op. *8. The ALJ found these findings more consistent with the plaintiff's reported daily activities which included reading, taking care of farm animals, and completing some household chores.

Again, the plaintiff appears to be arguing that the ALJ's conclusion is inconsistent with the conclusion that the plaintiff would have drawn herself. The ALJ considered the evidence provided by the state agency physician, which included his diagnosis of the plaintiff with bipolar disorder "severe" but also his finding that the claimant could perform repetitive work-related activities. The ALJ compared the report with the social interactions that the plaintiff testified to in the hearing, and weighed the credibility of the report. This Court finds that the ALJ's finding was based on substantial evidence even though the conclusion he arrived at is one that the plaintiff may not agree with.

    4.  The Overall Consideration of the Evidence

The plaintiff makes two objections to the overall consideration of the evidence by the ALJ and the magistrate judge. The plaintiff argues that the magistrate judge and the ALJ both failed to consider all the evidence that was available and instead only considered the evidence that would support a finding that the

21

plaintiff was not credible.  Further, based on all of the previous objections, the plaintiff argues that overall the ALJ and the magistrate judge incorrectly weighed the medical evidence on the record.  Because of their similarity, these two objections will be considered together.

The plaintiff's assertions are not enough to overcome the substantial evidence that the ALJ used to find that she was not credible.  In reviewing the ALJ's findings, the Court notes that although he gave little weight to the plaintiff and the plaintiff's treating physician, he also chose to do the same with two state agency physicians.  Two state agency physicians had found that the plaintiff was capable of more than what would have supported the ALJ's finding that the plaintiff retained her RFC status to do a limited range of work activities.  ALJ Op. *18-19.  If the plaintiff is correct in asserting that the ALJ only considered evidence that would be unfavorable to her, then he likely would not have found that she retained her RFC status and instead would have adopted the two state agency physicians' opinions.  Thus, the ALJ did not, as the plaintiff argues, only consider the evidence that would be unfavorable to the plaintiff.

Further, as this opinion lays out, the ALJ and the magistrate judge correctly weighed the evidence based on applicable law.  Accordingly, the plaintiff's final objection must fail as this Court has found that the two judges have correctly weighed the

22

medical evidence in determining the plaintiff's credibility, the credibility of her treating physician, and the credibility of the state agency physician.

C.   Distinguishing of Cases by the Magistrate Judge

In his report and recommendation, the magistrate judge made three findings that the plaintiff did not take issue with in her objections.   First, the magistrate judge found that the ALJ's reference to her only being able to walk five minutes, instead of her reported being able to walk 50 yards and then having to rest five minutes, was not a material mistake.   Second, the magistrate judge found that the state agency physician's scrivener's error that was included in one of the state agency physician's report was clearly a typographical error.   Finally, the magistrate judge found that the two district court cases cited by the plaintiff in her motion for summary judgment were distinguishable from this case and the ALJ was not incorrect in finding that the state agency physicians' reports were credible.

The magistrate judge found that the mistake in the ALJ's report that the plaintiff had reported she could only walk five minutes was immaterial.   The magistrate judge found that there was substantial evidence otherwise to support the ALJ's finding that the plaintiff was not credible.   The plaintiff denied any physical impairments at the administrative hearing and there was a large amount of evidence in reference to the plaintiff's reported

physical impairments, accordingly there was substantial evidence other than the plaintiff's report that she could only walk 50 yards before she required a five minute break.  Accordingly, this Court finds that this finding was not in clear error and thus it is upheld.

Second, the magistrate judge found that a scrivener's error by the state agency physician in reporting the plaintiff's diagnosis was not a material mistake that would require a finding that his report was not credible.  The magistrate judge found that because the state agency physician had reported the plaintiff's actual diagnosis of bipolar disorder "severe" otherwise, that the scrivener's error at the end of his report which designated a different diagnosis was not material.  This Court agrees that there was substantial evidence otherwise in the state agency physician's report that would make the error immaterial.  Accordingly, this Court finds that the magistrate judge's finding was not in clear error.

Lastly, the magistrate judge distinguished the cases cited by the plaintiff in which the reviewing court had found that the ALJ erred in relying on state agency physicians' opinions generated prior to the administrative hearing, Ogden and Lower.  In Ogden, the state agency physician failed to consider some of the plaintiff's diagnoses and neither of the state appointed physicians referred to any treating or examining source.  Ogden, 597 F. Supp.

2d at 629.   The magistrate judge found that did not occur in the examination of the plaintiff in this case because the state agency physicians considered the plaintiff's diagnoses and referred to treating or examining sources in making their findings.   In <u>Lower</u>, one of the reports was done seven years before the administrative hearing, however, the other was done one-and-a-half years before (as in the case here).   <u>Lower</u>, 2:04CV57 at *17-18.   However, in that case, the magistrate judge noted that the ALJ failed to give credence to a new report that was done by a state agency physician that was favorable to the plaintiff.   <u>Id.</u>   The magistrate judge thus distinguished the lapse in time by reasoning that the plaintiff had begun to report improvements from the time the reports were completed before the administrative hearing, and thus the reports were likely to be more favorable than if they had been completed at a later time.   These distinctions are reasonable and uphold a finding that the ALJ's determination of the state agency physicians' credibility was based on substantial evidence. Accordingly, the magistrate judge's finding was not clearly erroneous.

## V.   <u>Conclusion</u>

Based upon a <u>de novo</u> review of the findings of the report and recommendation that were objected to by the plaintiff and a clear error review of the findings of the report and recommendation that were not objected to by the plaintiff, this Court AFFIRMS AND

ADOPTS the magistrate judge's recommendation that the defendant's motion for summary judgment be GRANTED and the plaintiff's motion for summary judgment be DENIED.  Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 11) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 9) is DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 19, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE